# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2731

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Minnesota. |
| Christopher Dean Williams, also known | * | |
| as Scat, also known as Anthony Phillip | * | [UNPUBLISHED] |
| Hollis, also known as Rodney Flowers, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 18, 1999

Filed:  October 22, 1999

_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIUM.

Christopher Williams was tried by jury in the district court[1] and convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine and one count of using a telephone in connection with a drug offense in violation of 21 U.S.C. § 843(b).  On appeal, Williams argues that (1) two witnesses,

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

James Horton and Tonya Frost, were given something of value in exchange for their testimony in violation of 18 U.S.C. § 201(c)(2) and therefore their testimony should be excluded, (2) the district court gave inadequate jury instructions on the credibility of witnesses testifying in order to receive reduced sentences, (3) Williams's trial should have been severed from that of his co-defendants, (4) the district court erred in admitting the crack cocaine found in a hotel room shared by Williams and two others because the foundation was insufficient, and (5) the evidence as a whole was insufficient.

We consistently have held that the government does not violate section 201(c)(2) by putting on the testimony of witnesses who have received leniency in return for their testimony.  See United States v. Albanese, No. 99-1078, slip op. at 8-10 (8th Cir. Oct. 5, 1999).  Therefore, the district court was correct in admitting the testimony of Horton and Frost at Williams's trial.

Having carefully reviewed the record, we conclude that the district court properly instructed the jury on the credibility of the witnesses, denied the severance of the trials, found a proper foundation to admit the cocaine from the hotel room, and had sufficient evidence to support the conviction.  Accordingly, the conviction is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.